**BURSOR & FISHER, P.A.**
Yeremey Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ykrivoshey@bursor.com
　　　　bscott@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA JIMENEZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>DO LAB, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.　2:20-cv-3462<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Yesenia Jimenez brings this action on behalf of herself and all others similarly situated against Defendant Do Lab, Inc. ("Do Lab" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## FACTS COMMON TO ALL CAUSES OF ACTION

1.  Defendant Do Lab, Inc. has made the unconscionable decision to retain its customers ticket fees while cancelling its famous Lightning in a Bottle Festival (the "Festival"),  as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

2.  Defendant is the operator of Lightning in a Bottle, an annual music festival located in the Central Valley region of California.  Defendant sold tickets to its Festival, promising to host the Festival from May 20th to May 25th, 2020.  To attend Defendant's Festival consumers could purchase four day general admission passes that started at $319 plus fees and five day passes that started at $389 plus fees. Defendant also offered tickets for $999 "for their most devout attendees" called the "Patron Experience."  Customers could also purchase car camping passes for $130, or RV camping passes for prices ranging from $355 to $1,200. Defendant also offered "Boutique Camping Packages" for "boutique camping set-ups" for $1,500 to $3,300.  Indeed, Defendant even offered tickets for as high as $999 for this year's festival.  Customers could pay for the tickets in full, or had the option to purchase the tickets on payment plans. [1]

3.  On March 13, 2020, Defendant announced that it was cancelling its Festival for 2020.  Defendant has not refunded any consumers despite cancelling its Festival, and has refused to do so in the future.  Indeed, in an email to ticketholders, Defendant anticipated that its decision to not refund customers "will not be received

---

[1] https://edmidentity.com/2019/11/04/lightning-in-a-bottle-2020-tickets/ (last accessed April 13, 2020).

well," but tried to justify the egregious practice by claiming that Defendant is "a small family business" and does not have "deep pockets or outside investors":[2]

Here is what we *can* tell you definitively:

- The 2020 edition of Lightning in a Bottle is cancelled. We will not be postponing it to a later date this year. We do however plan to move forward and begin production on the 2021 edition of Lightning in a Bottle, to be held over Memorial Day Weekend next year.

- Sadly, we cannot offer refunds for the cancelled event. We are, however, working on a plan to make you whole over the next few LIB's. This will include a system for crediting you for future years. More information on this plan will be presented in the coming weeks.

- If you took part in the layaway plan, all future payments have been suspended. The payments you have completed will be credited to you in our new plan which will be presented in the coming weeks.

- Although we are insured, our policy, like most insurance policies, excludes this pandemic.

- We know how difficult this situation is for everyone, many of you losing jobs and income. We also had to layoff our entire office, production staff and build crews, putting hundreds of people out of work.

- We are not able to give you quick answers because we want to provide the best possible solution under the circumstances. Please be patient.

We understand that some of this news will not be received well. It is important for everyone to understand that Lightning in a Bottle is owned and operated as a small family business, as it has been since the beginning. The reason we are not able to offer refunds is that we are an independent company, we have no parent company with deep pockets or outside investors. At this time all of the money that was brought in through ticket sales was already paid out on non-refundable deposits, building materials and staff to bring the festival to life. Nobody saw this pandemic coming and unfortunately it has left the future of Lightning in a Bottle in an extremely precarious position, but we have every intention of finding our way through this mess and doing what is right for our fans and community. Together with your support we will find a way for LIB to carry on.

---

[2] https://www.edmtunes.com/2020/03/lightning-in-a-bottle-wont-offer-refunds-for-cancelled-event/ (last accessed April 13, 2020).

4.      But Defendant is not some "mom and pop" operation.  Defendant reportedly sold over 27,000 tickets to the Lightning in a Bottle festival in 2018.[3] Assuming that Defendant sold approximately the same amount of tickets for the 2020 festival, with *cheapest* tickets that "start" at "$319 plus fees," it appears that Defendant has collected *at least* $8 million worth of ticket sales that it now refuses to refund, and likely well over $10 million.  Accordingly, Defendant has unjustly enriched itself by retaining the ticket fees of thousands of consumers while simultaneously cancelling its Festival in its entirety.

5.      Plaintiff seeks relief in this action individually, and on behalf of all of ticket holders of Defendant's Festival for Defendant's violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750*, et seq.*, Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*, for breach of express warranties, negligent misrepresentation, fraud, unjust enrichment, money had and received, conversion, and breach of contract.

## PARTIES

6.      Plaintiff Yesenia Jimenez is a citizen of California, residing in San Diego, California.  In November 2019, Ms. Jimenez purchased a ticket a four day general admission pass to Lightning in a Bottle on a payment plan for $362.21 (including fees and shipping).  In March 2020 Defendant successfully charged Plaintiff's card the third of four installment payments – meaning she paid a total of $270 ($90 per installment, with the final installment being $92.21).  On March 13, 2020, Defendant announced that it was cancelling its Festival for 2020.  Defendant has retained the full amount of her ticket fee even though Plaintiff cannot attend Defendant's Festival because it has been cancelled.  Further, Defendant has not

---

[3] https://www.youredm.com/2018/12/21/lib-25-percent-lower-ticket-cap/ (last accessed April 13, 2020).

refunded Plaintiff any part of the ticket fee. Plaintiff purchased a ticket for Defendant's Festival with the understanding that she would be able attend Defendant's Festival from May 20th to May 25th, 2020. Plaintiff would not have paid for the Festival ticket or would not have paid for it on the same terms, had she known that she would not be able to attend Defendant's Festival would be cancelled without a refund. Plaintiff continues to face imminent harm, as Defendant retains Plaintiff's ticket fees despite cancelling its Festival.

7.    Defendant Do Lab, Inc. is a California corporation, with its principal place of business at 1024 Santee St., Ste 600, Los Angeles, CA 90015. Defendant is an "events business and leader in American festival culture." Defendant "build[s] and promote[s] music festivals," including its famous Lightning in a Bottle Festival.[4] Defendant conducts substantial business throughout the United States, and specifically in the state of California.

**JURISDICTION AND VENUE**

8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

9.    This Court has personal jurisdiction over Defendant because Defendant is incorporated in California and conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and a substantial part of the events giving rise to Plaintiff Jimenezes' claims took place within this District.

---

[4] http://thedolab.com/a-little-bit-about-us/ (last accessed April 10, 2020).

CLASS ACTION COMPLAINT                                                                                    4

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who purchased tickets for the 2020 Lightning in a Bottle festival (the "Class").

12.     Plaintiff also seek to represent a subclass defined as all members of the Class who purchased tickets for Lightning in a Bottle in California (the "California Subclass").

13.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

14.     Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

15.     Plaintiff is a member of the Class and California Subclass she seeks to represent.

16.     Defendant has thousands of customers nationwide who purchased Festival tickets that cannot be used.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

17.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Defendant has breached its contract with its customers and whether its actions are fraudulent and unlawful.

18.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading

advertising and was charged for Festival tickets despite Defendant cancelling its Festival and suffered losses as a result.

19.     Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

20.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of California's Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. (Injunctive Relief Only)

21.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

22.     Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

---

CLASS ACTION COMPLAINT                                                6

23.     Plaintiff and Class members are consumers who paid fees to attend Defendant's Festival for personal, family or household purposes.  Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

24.     Defendant's Festival tickets that Plaintiff and Class members purchased from Defendant are a "service" within the meaning of Cal. Civ. Code § 1761(b).

25.     Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

26.     Defendant's advertising that consumers would be able to attend its Festival in exchange for a ticket fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant cancelled its Festival while continuing to retain the full price consumers' ticket fees.

27.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendant violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresent the particular characteristics, benefits and quantities of the services.

28.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or

fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of the services.

29.    Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises services with the intent not to sell the services as advertised.

30.    Plaintiff and the Class acted reasonably when they purchased Defendant's Festival tickets on the belief that Defendant's representations were true and lawful.

31.    Plaintiff and the Class suffered injuries caused by Defendant because: (a) they would not have purchased or paid for Defendant's Festival tickets absent Defendant's representations and omission of a warning that it would retain members' ticket fees if the Festival was cancelled; (b) they would not have purchased tickets on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's tickets based on Defendant's misrepresentations and omissions; and (d) Defendant's tickets did not have the characteristics, benefits, or quantities as promised.

32.    Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA. Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a).  If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend her complaint to include a request for damages as permitted by Civil Code § 1782(d).

33.    Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

---

CLASS ACTION COMPLAINT                                                                8

## COUNT II
### Violation of California's Unfair Competition Law,
### California Business & Professions Code §§ 17200, *et seq.*

34.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

35.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

36.    Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

37.    Defendant's advertising that consumers would be able to attend its Festival after paying the ticket fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact cancelled its Festival while continuing to retain the full price of customers' tickets.

38.    Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, the FAL, and other applicable law as described herein.

39.    Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendant's advertising and its retention of ticket fees despite cancellation of its event is of no benefit to consumers.

40.    Defendant violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would be able to attend Defendant's Festival.

---

CLASS ACTION COMPLAINT                                                              9

41.     Plaintiff and the Class acted reasonably when they purchased tickets for Defendant's Festival based on the belief that they would be able to attend Defendant's Festival.

42.     Plaintiff and the Class lost money or property as a result of Defendant's UCL violations because Plaintiff and the Class suffered injuries caused by Defendant because: Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased or paid for Defendant's Festival tickets absent Defendant's representations and omission of a warning that it would retain members' ticket fees if the Festival was cancelled; (b) they would not have purchased tickets on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's tickets based on Defendant's misrepresentations and omissions; and (d) Defendant's tickets did not have the characteristics, benefits, or quantities as promised.

## COUNT III
### Violation of California's False Advertising Law,
### California Business & Professions Code §§ 17500, *et seq.*

43.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

45.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

---

CLASS ACTION COMPLAINT                                                                   10

46.     Defendant engaged in a scheme of retaining customers ticket fees while cancelling its Festival.  Defendant's advertising and marketing of its Festival misrepresented and/or omitted the true content and nature of Defendant's services. Defendant's advertisements and inducements were made in California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq.* in that the promotional materials were intended as inducements to purchase Festival tickets, and are statements disseminated by Defendant to Plaintiff and Class members.  Defendant knew that these statements were unauthorized, inaccurate, and misleading.

47.     Defendant's advertising that it would host its Festival from May 20th to 25th is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact cancelled its Festival while retaining the full price of customers' ticket fees.

48.     Defendant violated § 17500, *et seq.* by misleading Plaintiff and the Class to believe that it would host its Festival from May 20th to 25th.

49.     Defendant knew or should have known, through the exercise of reasonable care that its advertising that it would host its Festival from May 20th to May 25th is false and misleading.  Further, Defendant knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it retained all ticket fees cancelling its Festival.

50.     Plaintiff and the Class lost money or property as a result of Defendant's FAL violation because Plaintiff and the Class suffered injuries caused by Defendant because: (a) they would not have purchased or paid for Defendant's Festival tickets absent Defendant's representations and omission of a warning that it would retain members' ticket fees if the Festival was cancelled; (b) they would not have purchased tickets on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's tickets based on

CLASS ACTION COMPLAINT                                                                11

Defendant's misrepresentations and omissions; and (d) Defendant's tickets did not have the characteristics, benefits, or quantities as promised.

## COUNT IV
### Breach of Express Warranty

51.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

52.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

53.    In connection with the sale of tickets, Defendant issues an express warranty that it would host its Festival from May 20th to May 25th.

54.    Defendant's affirmation of fact and promise in Defendant's marketing and signage became part of the basis of the bargain between Defendant and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendant's affirmation of fact, representations, promise, and description.

55.    Defendant breached its express warranty because Defendant will not host its Festival.  In fact, Defendant has retained the full amount of its ticket fees, despite cancelling the Festival.

56.    Plaintiff and the Class members were injured as a direct and proximate result of Defendant's breach because: Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased or paid for Defendant's Festival tickets absent Defendant's representations and omission of a warning that it would retain members' ticket fees if the Festival was cancelled; (b) they would not have purchased tickets on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's tickets based on Defendant's misrepresentations and omissions; and (d) Defendant's tickets did not have the characteristics, benefits, or quantities as promised.

CLASS ACTION COMPLAINT                                                                    12

## COUNT V
**Negligent Misrepresentation**

57.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

58.     Plaintiff bring this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

59.     As discussed above, Defendant misrepresented that customers would be able to attend its music Festival in exchange for the cost of tickets.  However, Defendant in fact retained the full price for its Festival tickets, despite cancelling the event.

60.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

61.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about its Festival tickets and services.

62.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Defendant's Festival tickets.

63.     Plaintiff and Class members would not have purchased Defendant's Festival tickets or would not have purchased the services on the same terms, if the true facts had been known.

64.     The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI
### Fraud

65.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

66.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

67.    As discussed above, Defendant misrepresented that customers would be able to attend its Festival.  However, Defendant in fact retains the full ticket price for Defendant's Festival despite its cancellation.  These misrepresentations and omissions were made with knowledge of their falsehood.

68.    The misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended and actually induced Plaintiff and Class members to Defendant's Festival.

69.    The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VII
### Unjust Enrichment

70.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

71.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

72.    Plaintiff and members of the Class conferred benefits on Defendant by paying, and being charged, ticket fees for an event that has been cancelled.

73.    Defendant has knowledge of such benefits.

74.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' ticket fees.  Retention of those moneys under

---

CLASS ACTION COMPLAINT                                                14

these circumstances is unjust and inequitable because Defendant is retaining its customers full ticket fees despite cancelling its Festival.  These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendant's ticket fees had the true facts been known.

75.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

**COUNT VIII**
**Money Had and Received**

76.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

77.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

78.     Defendant received money in the form of ticket fees that were intended to be used for the benefit of Plaintiff and the Class, those ticket fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and ticket fees to Plaintiff and the Class.

79.     Defendant obtained money in the form of ticket fees that were intended to be used to provide a music Festival for Plaintiff and the Class.  However, Defendant has retained all of the ticket fees despite cancelling its Festival.

**COUNT IX**
**Conversion**

80.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

81.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

82.    Plaintiff and members of the Class had a right to retain their Festival ticket fees after Defendant cancelled its Festival; Defendant intentionally retained full amount of the Plaintiff's and Class members' ticket fees despite Defendant cancelling its event; Plaintiff and Class members did not consent to Defendant's retaining such fees after Defendant cancelled its events; Plaintiff and Class members were harmed through Defendant's retention of ticket fees; Defendant's conduct was a substantial factor in causing Plaintiff and Class members' harm.

<u>**COUNT X**</u>
**Breach of Contract**

83.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

84.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

85.    Defendant entered into contracts with Plaintiff and Class members to provide a festival experience.  Defendant has breached these contracts by retaining and Class members' ticket fees after cancelling its Festival.  Plaintiff and Class members have suffered an injury through the payment of their ticket fees despite cancellation of the Festival.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a)  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b)  For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the

California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

c) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

d) For an order finding in favor of Plaintiff, the Class, and the California Subclass, on all counts asserted herein;

e) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f) For prejudgment interest on all amounts awarded;

g) For an order of restitution and all other forms of equitable monetary relief;

h) For injunctive relief as pleaded or as the Court may deem proper; and

i) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: April 14, 2020

**BURSOR & FISHER, P.A.**

By: _____*/s/ Brittany S. Scott*_____
Brittany S. Scott

Yeremey Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ykrivoshey@bursor.com
          bscott@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402

CLASS ACTION COMPLAINT                                                  17

1

2

Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

3

*Attorneys for Plaintiff*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Brittany S. Scott, declare as follows:

      1.     I am an attorney at law licensed to practice in the State of California and I am member of the bar of this Court.  I am an associate at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

      2.     The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in this District.

      3.     I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Oakland, California this 14th day of April, 2020.

                                   */s/ Brittany S. Scott*
                                     Brittany S. Scott