**BURSOR & FISHER, P.A.**
Yeremey Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ykrivoshey@bursor.com
        bscott@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA JIMENEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DO LAB, INC., JASON FLEMMING, JOSH FLEMMING, and JESSE FLEMMING,<br><br>Defendants. | Case No. 2:20-cv-03462-PA-JEM<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Yesenia Jimenez brings this action on behalf of herself and all others similarly situated against Defendants Do Lab, Inc., Jason Flemming, Josh Flemming, and Jesse Flemming (collectively "Do Lab" or "Defendants").  Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## FACTS COMMON TO ALL CAUSES OF ACTION

1.      Defendants have made the unconscionable decision to retain their customers ticket fees while cancelling their famous Lightning in a Bottle Festival (the "Festival"),  as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

2.      Defendants are the operators of Lightning in a Bottle, an annual music festival located in the Central Valley region of California.  Defendants sold tickets to their Festival, promising to host the Festival from May 20th to May 25th, 2020.  To attend Defendants' Festival, consumers could purchase four day general admission passes that started at $319 plus fees and five day passes that started at $389 plus fees. Defendants also offered tickets for $999 "for their most devout attendees" called the "Patron Experience."  Customers could also purchase car camping passes for $130, or RV camping passes for prices ranging from $355 to $1,200.  Defendants also offered "Boutique Camping Packages" for "boutique camping set-ups" for $1,500 to $3,300.  Indeed, Defendants even offered tickets for as high as $999 for this year's festival.  Customers could pay for the tickets in full, or had the option to purchase the tickets on payment plans. [1]

3.      On March 13, 2020, Defendants announced that they were cancelling their Festival for 2020.  Defendants have not refunded any consumers despite cancelling their Festival.  Indeed, in an email to ticketholders, Defendants anticipated

---

[1] https://edmidentity.com/2019/11/04/lightning-in-a-bottle-2020-tickets/ (last accessed April 13, 2020).

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:20-CV-03462-PA-JEM

1

1 that their decision to not refund customers would "not be received well," but tried to
2 justify the egregious practice by claiming that Defendants are "a small family
3 business" and do not have "deep pockets or outside investors":[2]

4
5 Here is what we *can* tell you definitively:

6 - The 2020 edition of Lightning in a Bottle is cancelled. We will not be postponing
7 it to a later date this year. We do however plan to move forward and begin
production on the 2021 edition of Lightning in a Bottle, to be held over Memorial
Day Weekend next year.

8
9 - Sadly, we cannot offer refunds for the cancelled event. We are, however,
working on a plan to make you whole over the next few LIB's. This will include a
system for crediting you for future years. More information on this plan will be
10 presented in the coming weeks.

11 - If you took part in the layaway plan, all future payments have been suspended.
12 The payments you have completed will be credited to you in our new plan which
will be presented in the coming weeks.

13 - Although we are insured, our policy, like most insurance policies, excludes this
14 pandemic.

15 - We know how difficult this situation is for everyone, many of you losing jobs and
16 income. We also had to layoff our entire office, production staff and build crews,
putting hundreds of people out of work.

17 - We are not able to give you quick answers because we want to provide the best
18 possible solution under the circumstances. Please be patient.

19 We understand that some of this news will not be received well. It is important for
20 everyone to understand that Lightning in a Bottle is owned and operated as a small
family business, as it has been since the beginning. The reason we are not able to offer
21 refunds is that we are an independent company, we have no parent company with deep
22 pockets or outside investors. At this time all of the money that was brought in through
ticket sales was already paid out on non-refundable deposits, building materials and staff
23 to bring the festival to life. Nobody saw this pandemic coming and unfortunately it has
24 left the future of Lightning in a Bottle in an extremely precarious position, but we have
every intention of finding our way through this mess and doing what is right for our fans
25 and community. Together with your support we will find a way for LIB to carry on.

26
27 _____
[2] https://www.edmtunes.com/2020/03/lightning-in-a-bottle-wont-offer-refunds-for-
28 cancelled-event/ (last accessed April 13, 2020).

FIRST AMENDED CLASS ACTION COMPLAINT                                              2
CASE NO. 2:20-CV-03462-PA-JEM

4.      But Do Lab, Inc. is not some "mom and pop" operation.  Defendants reportedly sold over 27,000 tickets to the Lightning in a Bottle festival in 2018.[3] Assuming that Defendants sold approximately the same amount of tickets for the 2020 festival, with *cheapest* tickets that "start" at "$319 plus fees," it appears that Defendants have collected *at least* $8 million worth of ticket sales that they now refuse to refund, and likely well over $10 million.  Accordingly, Defendants have unjustly enriched themselves by retaining the ticket fees of thousands of consumers while simultaneously cancelling their Festival in its entirety.

5.      Plaintiff seeks relief in this action individually, and on behalf of all of ticket holders of Defendants' Festival for Defendants' violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750*, et seq.*, Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*, California Penal Code § 496, and for breach of express warranties, negligent misrepresentation, fraud, unjust enrichment, money had and received, conversion, and breach of contract.

## PARTIES

6.      Plaintiff Yesenia Jimenez is a citizen of California, residing in San Diego, California.  In November 2019, Ms. Jimenez purchased a ticket a four day general admission pass to Lightning in a Bottle on a payment plan for $362.21 (including fees and shipping).  In March 2020 Defendants successfully charged Plaintiff's card the third of four installment payments – meaning she paid a total of $270 ($90 per installment, with the final installment being $92.21).  On March 13, 2020, Defendants announced that they were cancelling their Festival for 2020. Defendants have retained the full amount of her ticket fee even though Plaintiff cannot attend Defendants' Festival because it has been cancelled.  Further, Defendants have not refunded Plaintiff any part of the ticket fee.  Plaintiff purchased

---

[3] https://www.youredm.com/2018/12/21/lib-25-percent-lower-ticket-cap/ (last accessed April 13, 2020).

a ticket for Defendants' Festival with the understanding that she would be able attend Defendants' Festival from May 20th to May 25th, 2020.  Plaintiff would not have paid for the Festival ticket or would not have paid for it on the same terms, had she known that she would not be able to attend Defendants' Festival would be cancelled without a refund.  Plaintiff continues to face imminent harm, as Defendants retain Plaintiff's ticket fees despite cancelling their Festival.

7.      Defendant Do Lab, Inc. is a California corporation, with its principal place of business at 1024 Santee St., Ste 600, Los Angeles, CA 90015.  Do Lab, Inc. is an "events business and leader in American festival culture."  Do Lab, Inc. "build[s] and promote[s] music festivals," including its famous Lightning in a Bottle Festival.[4]  Do Lab, Inc. conducts substantial business throughout the United States, and specifically in the state of California.

8.      Defendant Jason "Dede" Flemming is a citizen of California.  Jason and his two siblings, Josh and Jesse Flemming (the "Flemmings") are the sole owners, principals, officers, and managing agents of Do Lab, Inc.   Jason is also the Chief Executive Officer of Do Lab, Inc..  Joshua is engaged in and directs the production, marketing, advertising, and promotion of Do Lab, Inc..  Jason aided in the creation and execution of Do Lab, Inc.'s plan to cancel Lighting in a Bottle and the fraudulent retention of the festival attendees' ticket fees.  Jason conspired with, directed, encouraged, and aided Do Lab, Inc. and his siblings in their conspiracy to unlawfully retain the ticket fees described herein.

9.      Defendant Josh Flemming is a citizen of California who created Do Lab, Inc. in conjunction with his siblings Jason and Jesse Flemming.  Josh and his two siblings are sole owners, principals, officers, and managing agents of Do Lab, Inc.  Josh is the Chief Financial Officer of Do Lab, Inc.  Josh is engaged in and directs the production, marketing, advertising, and promotion of Do Lab, Inc.  Josh

---

[4] http://thedolab.com/a-little-bit-about-us/ (last accessed April 10, 2020).

aided in the creation and execution of Do Lab Inc.'s plan to cancel Lighting in a Bottle and the fraudulent retention of the festival attendees' ticket fees.  Josh conspired with, directed, encouraged, and aided Do Lab Inc. and his siblings in their conspiracy to unlawfully retain the ticket fees described herein.

10.     Defendant Jesse Flemming is a citizen of California who created Do Lab, Inc. in conjunction with his siblings Jason and Josh Flemming. Jesse and his two siblings are sole owners, principals, officers, and managing agents of Do Lab, Inc.  Jesse is the Secretary of Do Lab.  Jesse is engaged in and directs the production, marketing, advertising, and promotion of Do Lab, Inc.  Jesse aided in the creation and execution of Do Lab Inc.'s  plan to cancel Lighting in a Bottle and the fraudulent retention of the festival attendees' ticket fees.  Jesse conspired with, directed, encouraged, and aided Do Lab Inc. and his siblings in their conspiracy to unlawfully retain the ticket fees described herein.

11.     The Flemmings were doing business as Do Lab, Inc. and Do Lab, Inc. is an alter ego of the Flemmings in that there is such a unity of interest between Do Lab, Inc. and the Flemmings that they are indistinguishable from one another.  At all times, the Flemmings formulated, directed, controlled, had the authority to control, and/or participated in the acts and practices set forth in this complaint and received a direct financial benefit from them.  As such, an inequitable result would occur if the Flemmings and Do Lab, Inc. are not treated as one and the same.

12.     The Flemmings have fraudulently retained millions of dollars from the sale of tickets to their Festival and used those funds for purposes other than their Festival.  Such fees belong to Plaintiff and the Class because their Festival has been cancelled for 2020.  The Flemmings have a pattern and history of dissolving their corporate entities, having previously dissolved the California corporation known as "The Do Lab, Inc." in 2011.  In 2011, the Flemmings reorganized and became "The Do LaB, LLC."  In 2014, "The Do LaB, LLC was converted-out and the Flemmings reincorporated as "Do Lab, Inc."  Upon information and belief, given their history of

dissolving corporate entities, the Flemmings intend to dissolve and reorganize Do Lab, Inc. to avoid liability for their fraudulent retention of Plaintiff and Class members' ticket fees.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendants.

14.    This Court has personal jurisdiction over Defendant Do Lab, Inc. because Defendant Do Lab, Inc. is incorporated in California and conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.

15.    This Court has personal jurisdiction over Defendants Jason, Josh, and Jesse Flemming because they are citizens of California.

16.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants do substantial business in this District and a substantial part of the events giving rise to Plaintiff Jimenez's claims took place within this District.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who purchased tickets for the 2020 Lightning in a Bottle festival (the "Class").

18.    Plaintiff also seeks to represent a subclass defined as all members of the Class who purchased tickets for Lightning in a Bottle in California (the "California Subclass").

19.    Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

20.   Excluded from the Class are the Defendants, the officers and directors of Do Lab, Inc., and at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

21.   Plaintiff is a member of the Class and California Subclass she seeks to represent.

22.   Defendants have thousands of customers nationwide who purchased Festival tickets that cannot be used.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

23.   Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Defendants have breached their contract with their customers and whether their actions are fraudulent and unlawful.

24.   The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading advertising and was charged for Festival tickets despite Defendants cancelling their Festival and suffered losses as a result.

25.   Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

26.   The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class

member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
### Violation of California's Consumers Legal Remedies Act,
### California Civil Code §§ 1750, *et seq*.
### (Injunctive Relief Only)

27.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

28.    Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendants.

29.    Plaintiff and Class members are consumers who paid fees to attend Defendants' Festival for personal, family or household purposes.  Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

30.    Defendants' Festival tickets that Plaintiff and Class members purchased from Defendants are a "service" within the meaning of Cal. Civ. Code § 1761(b).

31.    Defendants' actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

32.     Defendants' advertising that consumers would be able to attend their Festival in exchange for a ticket fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendants cancelled their Festival while continuing to retain the full price of consumers' ticket fees.

33.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular characteristics, benefits and quantities of the services.

34.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(7) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresented the particular standard, quality or grade of the services.

35.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(9), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants advertised services with the intent not to sell the services as advertised.

36.     Plaintiff and the Class acted reasonably when they purchased Defendants' Festival tickets on the belief that Defendants' representations were true and lawful.

37.     Plaintiff and the Class suffered injuries caused by Defendants because: (a) they would not have purchased or paid for Defendants' Festival tickets absent Defendants' representations and omission of a warning that they would retain members' ticket fees if the Festival was cancelled; (b) they would not have purchased tickets on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' tickets based on Defendants' misrepresentations and omissions; and (d) Defendants' tickets did not have the characteristics, benefits, or quantities as promised.

38.     Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendants' violations of the CLRA. Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a).  If Defendants fail to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend her complaint to include a request for damages as permitted by Civil Code § 1782(d).

39.     Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

## COUNT II
### Violation of California's Unfair Competition Law,
### California Business & Professions Code §§ 17200, *et seq*.

40.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

41.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendants.

42.     Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

43.     Defendants' advertising that consumers would be able to attend their Festival after paying the ticket fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact cancelled their Festival while continuing to retain the full price of customers' tickets.

44.     Defendants' business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, the FAL, and other applicable law as described herein.

45.     Defendants' business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendants' advertising and their retention of ticket fees despite cancellation of their event is of no benefit to consumers.

46.     Defendants violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would be able to attend Defendants' Festival.

47.     Plaintiff and the Class acted reasonably when they purchased tickets for Defendants' Festival based on the belief that they would be able to attend Defendants' Festival.

48.     Plaintiff and the Class lost money or property as a result of Defendants' UCL violations because Plaintiff and the Class suffered injuries caused by Defendants because: (a) they would not have purchased or paid for Defendants' Festival tickets absent Defendants' representations and omission of a warning that they would retain members' ticket fees if the Festival was cancelled; (b) they would

not have purchased tickets on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' tickets based on Defendants' misrepresentations and omissions; and (d) Defendants' tickets did not have the characteristics, benefits, or quantities as promised.

**COUNT III**
**Violation of California's False Advertising Law,**
**California Business & Professions Code §§ 17500,** *et seq***.**

49. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

51. California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

52. Defendants engaged in a scheme of retaining customers' ticket fees while cancelling their Festival. Defendants' advertising and marketing of their Festival misrepresented and/or omitted the true content and nature of Defendants' services. Defendants' advertisements and inducements were made in California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq*. in that the promotional materials were intended as inducements to purchase Festival tickets, and are statements disseminated by Defendants to Plaintiff and Class

members.  Defendants knew that these statements were unauthorized, inaccurate, and misleading.

53.     Defendants' advertising that they would host their Festival from May 20th to 25th is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact cancelled their Festival while retaining the full price of customers' ticket fees.

54.     Defendants violated § 17500, *et seq*. by misleading Plaintiff and the Class to believe that they would host their Festival from May 20th to 25th.

55.     Defendants knew or should have known, through the exercise of reasonable care that their advertising that they would host their Festival from May 20th to May 25th is false and misleading.  Further, Defendants knew or should have known that they were breaching their contracts with their customers and fraudulently charging fees when they retained all ticket fees while cancelling their Festival.

56.     Plaintiff and the Class lost money or property as a result of Defendants' FAL violation because Plaintiff and the Class suffered injuries caused by Defendants because: (a) they would not have purchased or paid for Defendants' Festival tickets absent Defendants' representations and omission of a warning that they would retain members' ticket fees if the Festival was cancelled; (b) they would not have purchased tickets on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' tickets based on Defendants' misrepresentations and omissions; and (d) Defendants' tickets did not have the characteristics, benefits, or quantities as promised.

## <u>COUNT IV</u>
## Breach of Express Warranty

57.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

58.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually

and on behalf of the members of the proposed California Subclass against Defendants.

59.     In connection with the sale of tickets, Defendants issued an express warranty that they would host their Festival from May 20th to May 25th.

60.     Defendants' affirmation of fact and promise in Defendants' marketing and signage became part of the basis of the bargain between Defendants and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendants' affirmation of fact, representations, promise, and description.

61.     Defendants breached their express warranty because Defendants will not host their Festival.  In fact, Defendants have retained the full amount of their customers' ticket fees, despite cancelling the Festival.

62.     Plaintiff and the Class members were injured as a direct and proximate result of Defendants' breach because: Plaintiff and the Class suffered injuries caused by Defendants because (a) they would not have purchased or paid for Defendants' Festival tickets absent Defendants' representations and omission of a warning that it would retain members' ticket fees if the Festival was cancelled; (b) they would not have purchased tickets on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' tickets based on Defendants' misrepresentations and omissions; and (d) Defendants' tickets did not have the characteristics, benefits, or quantities as promised.

## COUNT V
### Negligent Misrepresentation

63.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

64.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually

and on behalf of the members of the proposed California Subclass against Defendants.

65.   As discussed above, Defendants misrepresented that customers would be able to attend their music Festival in exchange for the cost of tickets.  However, Defendants in fact retained the full price for their Festival tickets, despite cancelling the event.

66.   At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

67.   At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about their Festival tickets and services.

68.   The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Defendants' Festival tickets.

69.   Plaintiff and Class members would not have purchased Defendants' Festival tickets or would not have purchased the services on the same terms, if the true facts had been known.

70.   The negligent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI
### Fraud

71.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

72.   Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually

and on behalf of the members of the proposed California Subclass against Defendants.

73.　As discussed above, Defendants misrepresented that customers would be able to attend their Festival.  However, Defendants in fact retained the full ticket price for Defendants' Festival despite its cancellation.  These misrepresentations and omissions were made with knowledge of their falsehood.

74.　The misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended and actually induced Plaintiff and Class members to Defendants' Festival.

75.　The fraudulent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VII
### Unjust Enrichment

76.　Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

77.　Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

78.　Plaintiff and members of the Class conferred benefits on Defendants by paying, and being charged, ticket fees for an event that has been cancelled.

79.　Defendants have knowledge of such benefits.

80.　Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' ticket fees.  Retention of those moneys under these circumstances is unjust and inequitable because Defendants are retaining their full ticket fees despite cancelling their Festival.  These misrepresentations and

charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendants' ticket fees had the true facts been known.

81.     Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## COUNT VIII
## Money Had and Received

82.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

83.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

84.     Defendants received money in the form of ticket fees that were intended to be used for the benefit of Plaintiff and the Class, those ticket fees were not used for the benefit of Plaintiff and the Class, and Defendants have not given back or refunded the wrongfully obtained money and ticket fees to Plaintiff and the Class.

85.     Defendants obtained money in the form of ticket fees that were intended to be used to provide a music Festival for Plaintiff and the Class.  However, Defendants have retained all of the ticket fees despite cancelling their Festival.

## COUNT IX
## Conversion

86.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

87.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and on behalf of the members of the proposed California Subclass against Defendants.

88.  Plaintiff and members of the Class had a right to retain their Festival ticket fees after Defendants cancelled their Festival; Defendants intentionally retained the full amount of the Plaintiff's and Class members' ticket fees despite Defendants cancelling their event; Plaintiff and Class members did not consent to Defendants retention of such fees after Defendants cancelled their event; Plaintiff and Class members were harmed through Defendants' retention of ticket fees; Defendants' conduct was a substantial factor in causing Plaintiff and Class members' harm.

<u>COUNT X</u>
**Breach of Contract**

89.  Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

90.  Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

91.  Defendants entered into contracts with Plaintiff and Class members to provide a festival experience.  Defendants have breached these contracts by retaining and Class members' ticket fees after cancelling their Festival.  Plaintiff and Class members have suffered an injury through the payment of their ticket fees despite cancellation of the Festival.

<u>COUNT XI</u>
**Theft by False Pretenses, Cal. Penal Code § 496**

92.  Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

93.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

94.    California Penal Code § 496(a) makes receiving, buying, or withholding property "obtained in any manner constituting theft" punishable by law.  Section (c) permits "[a]ny person who has been injured by violation of subsection (a) or (b) [to] bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's [sic] fees."  Section (c) extends the statute to civil suits.  *See Bell v. Feibush*, 212 Cal. App. 4th 1041 (Cal. Ct. App. 2013).

95.    As described herein, Defendants have retained the ticket fees obtained from Plaintiff and Class members by theft by false pretenses.

96.    On April 10, 2020, Plaintiff demanded the return of said money.  *See* Exhibit A.

97.    Defendants continue to wrongfully withhold Plaintiff and Class members' ticket fees.

98.    As a wrongful Defendant's wrongful acts and omissions, Plaintiff and Class members have suffered damages in an amount in excess of $5,000,000.

99.    Wherefore, Plaintiff seeks treble damages, costs of suit, and reasonable attorneys' fees, for these violations of Cal. Penal Code § 496.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

   a)  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b) For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

c) For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

d) For an order finding in favor of Plaintiff, the Class, and the California Subclass, on all counts asserted herein;

e) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f) For prejudgment interest on all amounts awarded;

g) For an order of restitution and all other forms of equitable monetary relief;

h) For injunctive relief as pleaded or as the Court may deem proper; and

i) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.


Dated: April 22, 2020                              **BURSOR & FISHER, P.A.**

                                                   By: _____*/s/ Brittany S. Scott*_____
                                                           Brittany S. Scott

                                                   Yeremey Krivoshey (State Bar No. 295032)
                                                   Brittany S. Scott (State Bar No. 327132)
                                                   1990 North California Blvd., Suite 940
                                                   Walnut Creek, CA 94596
                                                   Telephone: (925) 300-4455
                                                   Facsimile:  (925) 407-2700
                                                   E-mail: ykrivoshey@bursor.com
                                                           bscott@bursor.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Brittany S. Scott, declare as follows:

1.    I am an attorney at law licensed to practice in the State of California and I am member of the bar of this Court.  I am an associate at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.    The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in this District.

3.    I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Oakland, California this 22nd day of April, 2020.

*/s/ Brittany S. Scott*
Brittany S. Scott